UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RICHARD W. BINGHAMAN,       ) | |
| ) | |
| Plaintiff          ) | |
| ) | |
| v.                                                     ) | Civil No. 06-89-B-W |
| ) | |
| INTERNAL REVENUE SERVICE,   ) | |
| ) | |
| Defendant         ) | |

### Order Granting *In Forma Pauperis* Application
### and Recommended Decision on Complaint

Richard Binghaman has filed a one-page complaint accompanied by an application to proceed *in forma pauperis* signed under penalty of perjury. While Binghaman's affidavit suggests he would qualify for IFP status, the complaint accompanying this affidavit is devoid of meaningful content and should be summarily dismissed by the Court. Accordingly, I now grant the application to proceed *in forma pauperis*, but I recommend that the court dismiss this complaint forthwith.

### Complaint Allegations

The complaint is captioned Richard W. Binghaman versus Internal Revenue Services, Memphis Appeals Campus, Memphis, Tennessee. Because the complaint is impossible to summarize, I quote it verbatim below:

> The i.r.s. incorp., w/ their employee S. Lee are guilty of Felonys malicious persecution a§ i§ fully evidential.
>  1:  opposing Mi and others r.i.g.h.t.§ tue "due proce§ in accord tue juditial procedure U.§.A.C. feder<u>all</u> / §tate tue bring about evidence(§) untue whom be of fault (guilt).!!
>  2:  oppo§ing mi r.i.g.h.t. tue evidence that I pre§ented affirming mi§elfve(§) non guilt(fault) in the area of malicious/fraudulent/frivolous fileing of 2004 tax refund statement.!!

Dockets.Justia.com

    3: oppo§ mi r.i.g.h.t.§ untue A mediator non on the pay schedule of the I.r.S. staff.!!

    4: felon terrorism in the Color and guise of law ("they haveing no juri§§diction through the Con§titution or B.I.L.L. o.f. r..i.g.h.t.§ as is their Computer Con-artistre." in the wears of the dead "murdered" rocatholic islamic mussalem mexican marxist state's of Euroindian non americana u.§. ever.!!

    5: Con's'pirative theft of Mi U.§.A.C. 6.4. f.d.erall pay.!! w/o verdict for attachment (lien) through U.§.Arm. §upreme appellat denial.!!

    6. ignoring MI§elfve§ independant r.i.g.h.t. via U.§.A.C. ttl. 18th tue independance as a citi§en graduate a§ in Code/letter/numericall 6.7. 6.4.f.d. 9762 I.G.F.B. u§.A.S.S.A. §howing Mi §tatu§a a§ an employee born intue, tue not have tue be subjected tue coersive threat's in rellation tue public monie's thru taxation or other Con's'pracie's . . .

Plaintiff also made two margin endorsements on this complaint. Beside paragraph two the following appears: U.§.A.C. Ttl.18 § 247 Ch.13. By paragraph six, plaintiff wrote the following notation: U.§.A.C. ttl. 18 § 610.

## Discussion

Section 1915 of title 28 contains the following provision concerning in forma pauperis actions:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     **(A)** the allegation of poverty is untrue; or
>     **(B)** the action or appeal—
>         **(i)** is frivolous or malicious;
>         **(ii)** fails to state a claim on which relief may be granted; or
>         **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Based upon my reading of the complaint, it meets the criteria for dismissal under (i), (ii), and (iii), as explained below.

    The Internal Revenue Service, a branch of the United States Government, enjoys the government's sovereign immunity from suit unless that immunity has been waived by a particular statute. No such statute is referenced. I attempted to ascertain the meaning of this complaint by consulting the two statutory references annotated in the margin. Title 18 section 610 makes it a felony offense to intimidate or threaten a federal employee to cause them to

engage in specific political activity.  Title 18 section 247 is a criminal statute involving intentional damage to religious property and obstruction of another's engagement in the free exercise of religious belief.  Neither statutory reference has anything to do with the Internal Revenue Service or the Tax Code.

This complaint does not state a legal cause of action against the Internal Revenue Service.  When a complaint is so clearly outside the bounds as this one is, the First Circuit does recognize that a court may *sua sponte* dismiss the litigation.  Fredyma v. AT & T Network Sys., Inc., 935 F.2d 368, 368 (1st Cir. 1991) (per curiam) (explaining that, under § 1915(e), "a *sua sponte* dismissal without notice . . . is appropriate only if a claim is premised upon 'an indisputably meritless legal theory' or 'factual allegations [that] are clearly baseless.'") (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989)).  There is no room for dispute regarding the meritless legal theory put forth in this complaint.  The allegations herein are so devoid of meaning as to render this complaint "frivolous or malicious."

## Conclusion

Based upon the foregoing, I grant the *in forma pauperis* application, and I recommend the court dismiss this complaint *sua sponte*.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 7, 2006

4